```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

CLAYTON UPSHAW,

                Petitioner,

v.                              Case No. 2:07-cv-111-FtM-33DNF

UNITED STATES OF AMERICA,

                Respondent.
_____/

**ORDER**

This cause comes before the Court pursuant to the Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. # 1), filed by Upshaw on February 22, 2007. The government filed a response on April 4, 2007. (Doc. # 5.) For the reasons that follow, Upshaw's motion is due to be denied.

**I.   Background**

On January 11, 2006, Upshaw pleaded guilty to conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. (Cr. Doc. # 319, at 1, and Cr. Doc. # 320, and Cr. Doc. # 325.[1]) In the motion currently before this Court, Upshaw argues that his guilty plea was the result of ineffective assistance of counsel. (Doc. # 1, at 5.) Specifically, he alleges his counsel advised him incorrectly that the evidence against him was sufficient to prove the conspiracy charge. (Doc. # 1, at 5.)

---

[1] Filings from the underlying criminal docket, case number 2:05-cr-71, are cited "Cr. Doc. # ___."

This advice was incorrect, according to Upshaw, because the government's evidence only showed that Upshaw had a buyer-seller relationship with his alleged coconspirator, Antonio Payne. (Doc. # 1, at 5.)  Such a relationship is insufficient to support a conspiracy conviction. (Doc. # 1, at 5.)  Had his lawyer given him correct advice, Upshaw explains, he would have gone to trial. (Doc. # 1, at 6.)  He posits there is a reasonable probability a jury would have acquitted him of the conspiracy charge at trial. (Doc. # 1, at 6.)  Upshaw thus challenges his sentence under 28 U.S.C. § 2255 on the theory that it was imposed in violation of the Constitution because Upshaw was denied the effective assistance of counsel.  (Doc. # 1, at 2.)  Upshaw requests an evidentiary hearing.  (Doc. # 1, at 7.)

The government counters that it was reasonable for Upshaw's lawyer to advise Upshaw to plead guilty because there was ample evidence from which the jury could have convicted Upshaw of the charged conspiracy. (Doc. # 5, at 9–10.)  In addition to Upshaw's two multiple-ounce cocaine purchases, the government identifies numerous intercepted telephone conversations between Upshaw and Payne in which Upshaw advises Payne on protecting his operation from law enforcement.  (See Doc. # 5, at 10.)  The government attaches several transcripts to its response, and they are indeed

damning.[2]

## II.  Standard of Decision

"A defendant who pleads guilty upon the advice of counsel" may challenge the voluntary and intelligent character of his plea by showing that he received ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).  To make such a showing, a § 2255 petitioner must establish two elements: "(1) that counsel's performance failed to meet an objective standard of reasonableness; and (2) that the [petitioner's] rights were prejudiced as a result of the attorney's substandard performance."  Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005) (internal quotation marks omitted) (citing and quoting Strickland v. Washington, 466 U.S. 668 (1984)); accord Paez-Ortiz v. United States, 200 F. App'x 946, 947 (11th Cir. 2006).

---

[2]These transcripts might be characterized as showing that Upshaw was an important advisor to Payne.  In the transcribed conversations, Upshaw advises Payne to change the location of his drug operation frequently and to work alone.  (See Doc. # 5-6, at 8; Doc. # 5-7, at 8; Doc. # 5-9, at 4.)  Upshaw shares information and attempts to draw conclusions about the status of the law enforcement investigation.  (Doc. # 5-7, at 8-10 (suggesting that a female companion may have shared information with law enforcement); Doc. # 5-7, at 11-12 (suggesting that another companion may have shared information with law enforcement); Doc. # 5-8, at 4-7 (concluding that law enforcement source must have been someone who saw Upshaw and Payne in house but did not see the actual transaction); Doc. # 5-9, at 3 (concluding that law enforcement did not yet have sufficient evidence).)  Upshaw even advises Payne on a method for exposing the informant.  (Doc. # 5-9, at 10; Doc. # 5-10, at 8.)  Once the informant is exposed, Upshaw says ominously, "you would know how to fix that problem."  (Doc. # 5-10, at 8.)  These transcripts thus strongly suggest that Upshaw was involved in the charged conspiracy.

"The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688 (1984). Review must be highly deferential; that is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. The court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690. Because this standard is objective, counsel's performance will not be found wanting if even one competent lawyer would have taken the action counsel in fact took under the circumstances. Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) ("[A] petitioner must establish that no competent counsel would have taken the action that his counsel did take."). This is true even if counsel's choices were in fact produced by a misapprehension of law. Harich v. Dugger, 844 F.2d 1464, 1471 (11th Cir. 1988). So long as a competent attorney completely informed on the relevant law could have taken the action counsel actually took, counsel's performance will be upheld. Id.

A petitioner who successfully shows counsel's performance fell outside the wide range of reasonable professional assistance is only halfway to his goal. He must still establish the prejudice element. To do that, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In cases where the petitioner has pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. A simple statement to that effect is insufficient. Rather, in Hill, the Supreme Court suggested courts must conduct their own inquiries:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id.

A § 2255 "petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (quoting Futch v. Dugger, 874 F.2d 1483, 1485 (11th Cir. 1989)). Thus, in determining whether a § 2255 motion can be denied without a

5

hearing, the courts employ a standard similar to the familiar standard in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The court "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim . . . ."  Id. (quoting Agan v. Dugger, 835 F.2d 1337, 1338 (11th Cir. 1987)).  Moreover, courts should liberally construe a pro se petitioner's motion.  Id.  However, "a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."[3]  Id. (quoting Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982)).  Consequently, this Court must decide whether Upshaw's motion sets forth facts which, if proven, would show ineffective assistance of counsel.  Even if his motion sets forth such facts, though, the Court must deny the motion if the record conclusively shows that Upshaw did not suffer ineffective assistance of counsel.

**III. Discussion**

Upshaw's motion must be denied, even without an evidentiary hearing, because the motion fails to set forth facts which, if proven, would establish that Upshaw's counsel was ineffective. Upshaw's factual allegations related to counsel's performance are

---

[3] Section 2255 provides, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255.

6

commendably straightforward. According to Upshaw, his counsel informed him that the prosecution had audio recordings of Upshaw conducting drug activity with Payne.[4] (Doc. # 1, at 5.) Counsel explained the recordings were sufficient to prove the charged conspiracy. (Doc. # 1, at 5.) Therefore, counsel advised Upshaw to plead guilty.[5] (Doc. # 1, at 4.)

These factual allegations simply do not set forth a valid claim of ineffective assistance of counsel. Upshaw's argument that counsel was ineffective appears to rely on Upshaw's theory that counsel's advice was founded on a misunderstanding of the law. (Doc. # 1, at 5.) Upshaw's theory proceeds in two steps: (1) counsel believed that the evidence showed only a buyer-seller relationship between Upshaw and Payne; and (2) counsel misunderstood the law as punishing such relationships as

---

[4] Upshaw neither alleges nor even suggests that the government did not actually have these recordings. Upshaw appears to concede that the recordings existed (Doc. # 6, at 4), and indeed transcripts of the recordings are present in the record (Doc. # 5-2, etc.).

[5] Upshaw makes one more factual allegation about counsel's performance: "counsel told [Upshaw] at the plea conference to just affirm all the questions that the Judge asked despite the fact that [Upshaw] did not have a clue as to what was going on." This allegation does not change the outcome of Upshaw's § 2255 motion. There is no suggestion that this advice in any way contributed to Upshaw's decision to plead guilty. In fact, it is fairly clear that a criminal defendant at a change-of-plea conference has already made up his mind to plead guilty. In any case, Upshaw does not contend there is a reasonable probability that, but for this advice, he would not have pleaded guilty and would have insisted on going to trial.

7

conspiracies. (Doc. # 1, at 5.)

This theory is entirely unjustified by the facts alleged in Upshaw's motion. Nothing suggests that counsel's advice was founded on the belief that a mere buyer-seller relationship would support a conspiracy conviction. Tellingly, Upshaw does not allege that counsel told him that a mere buyer-seller relationship would support a conspiracy conviction. Instead, Upshaw alleges, "Counsel told Petitioner that they (DEA) has audio tapes of him conducting drug activity with Mr. Payne and that's all that was needed to prove the conspiracy and that the evidence proved his guilt." (Doc. # 1, at 5.) A more plausible interpretation of this allegation is that counsel believed the audio recordings were strong evidence of Upshaw's participation in a conspiracy with Payne. In other words, counsel evaluated the strength of the government's evidence and determined that Upshaw would likely be convicted at trial.

But it does not matter what in fact motivated Upshaw's counsel to advise a guilty plea. See Chandler v. United States, 218 F.3d 1305, 1315 n.16 (11th Cir. 2000) (explaining that court looks only to whether counsel's strategy was reasonable, not to "the lawyer's mental processes underlying the strategy"). So long as a hypothetical competent attorney could have reasonably advised a guilty plea in these circumstances, counsel's performance will satisfy the objective standard for attorney performance. See id.

at 1315 & n.16; <u>Harich v. Dugger</u>, 844 F.2d 1464, 1471 (11th Cir. 1988).  The Court finds that a competent attorney could reasonably have advised Upshaw to plead guilty to the conspiracy charge in the circumstances actually faced by counsel at the time he recommended that Upshaw plead guilty.  The intercepted conversations between Upshaw and Payne were strong evidence of a drug conspiracy between the two, and Upshaw would have faced a high risk of conviction had he gone to trial.  As such, it was eminently reasonable for Upshaw's counsel to recommend a plea bargain.

Indeed, the plea agreement provides its own praise for this strategy.  The prosecution agreed not to seek an enhancement of Upshaw's sentence based on his prior felony drug conviction. (Cr. Doc. # 319, at 2.)  Had the government sought an enhancement by filing an information to establish Upshaw's prior felony drug conviction, Upshaw would have faced a mandatory minimum sentence of twenty years.   21 U.S.C. § 841(b)(1)(A).   By securing the government's agreement not to file such an information, Upshaw halved the mandatory minimum sentence he faced.[6]  <u>See</u> 21 U.S.C. § 841(b)(1)(A) (setting mandatory minimum at ten years).  This strategy also yielded several other concessions from the government.  (<u>See generally</u> Cr. Doc. # 319.)  This strategy was

---

[6]Upshaw was actually sentenced to 164 months of imprisonment (Cr. Doc. # 521, at 2), more than six years less than the mandatory minimum he would have faced had the government filed an information to establish his prior felony drug conviction.  This is certainly a significant benefit.

reasonable under prevailing professional norms, and was well within the range of reasonable professional assistance.

Because a petitioner must show both that counsel's performance was unreasonable and that counsel's performance caused prejudice, courts need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one." Strickland v. Washington, 466 U.S. 668, 697 (1984). Nevertheless, the Court comments briefly that Upshaw's allegations fail also as to the second element of an ineffective assistance claim. Upshaw submitted an affidavit saying he would have insisted on going to trial if not for his counsel's advice to plead guilty. That simple statement is not sufficient to establish a reasonable probability that he would have insisted on going to trial. The best way to evaluate whether there is a reasonable probability Upshaw would have insisted on going to trial is to determine whether Upshaw had available a defense that would likely have borne fruit at trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Upshaw identifies no such defense, and the audio recordings included in the record are so damning that there is no reasonable probability Upshaw would have been acquitted at trial. In these circumstances, it is very unlikely that Upshaw would have insisted on going to trial. See id.

Because Upshaw has not alleged facts which, if proven, would entitle him to relief, the Court denies his motion without an

evidentiary hearing. Upshaw simply has not alleged facts justifying the conclusion that his counsel performed unreasonably in the circumstances. In addition, Upshaw has not alleged facts suggesting there is a reasonable probability that, but for counsel's challenged conduct, Upshaw would not have pleaded guilty and would have insisted on going to trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Upshaw's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. # 1) is hereby **DENIED**.

2. The Clerk is directed to file this Order in the corresponding criminal case, number 2:05-cr-71-FtM-33DNF.

3. The Clerk is directed to enter judgment accordingly, terminate any deadlines and pending motions, and close the case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 5th day of March 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record